**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P99-M**

**ROBERT A. FACEN**                                                                                        **PLAINTIFF**

**v.**

**ERNIE FLETCHER,** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). Because the plaintiff failed to exhaust his administrative remedies prior to filing his complaint, the court will dismiss his action without prejudice.

## I.  SUMMARY OF FACTS AND CLAIMS

The plaintiff, Robert A. Facen, is currently confined at the Lee Adjustment Center but filed this civil rights action after he was raped by his cell mate while incarcerated at the Green River Correctional Complex. Prior to the sexual assault, he sought help from two of the named defendants only to be told that there was nothing that they could do for him. The plaintiff did not attempt to exhaust his remedies, claiming that "[i]t would not have gotten any more done than what was being done" (DN 1, Compl., p. 3). According to attachments to the complaint, Green River has an ongoing investigation of the incident.

1

## II. ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998). The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003). Such may be the most efficient means of addressing a constitutional violation. *Id.* at 726. The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements." *Id.* at 725. An inmate bears the burden of alleging and showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown*, 139 F.3d at 1104. Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] And, § 1997e(a) requires

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

3

total exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Kentucky Department of Corrections has a multi-step grievance mechanism in place to process inmate grievances. The grievance process is set forth in Policy Number 14.6 II(J) of the Corrections Policies and Procedures ("CPP"). After the inmate properly completes a grievance form, he must first attempt to resolve the grievance through the informal resolution process. If the matter cannot be resolved at the informal level, the inmate may make a formal request to the Grievance Coordinator that a hearing be held. The second step of the process requires the Grievance Committee to hold a hearing concerning the matter. The Committee thereafter makes a recommendation. If the inmate disagrees with the recommendation, he may appeal the decision to the warden. At step three of the process, the warden reviews the grievance and makes a decision regarding the appeal. If an inmate is not satisfied with the warden's decision, the inmate may appeal that decision to the Commissioner for the Department of Corrections. At step four of the process, the Commissioner reviews the grievance appeal and issues a decision.

Exhaustion is complete when an inmate has presented his claim through each step of the process to the Commissioner. If at any time, the "time limit for a response from Corrections staff is not met at any level, the grievant has the option of agreeing to a requested extension of the time limit or having the grievance forwarded without action to the next level of review." CPP 14.6 II(J)(5). Where an inmate is transferred from the institution, he may continue the grievance by "appoint[ing] another inmate to act in his place" prior to his transfer. CPP 14.6

II(L)(1).  If the inmate fails to make the appointment, "any steps remaining at the institution will be discontinued and the grievance dismissed at the time of his transfer."  *Id.*

Here, the plaintiff did not attempt to exhaust any available remedy.  Though he has described a very serious situation in his complaint, the seriousness of his allegations does not excuse him for pursuing his administrative remedies.  Before seeking a remedy from this court, he must completely exhaust his remedies with respect to *each* claim advanced and as to *each* defendant named.  If he chooses to do so, he may initiate a new civil rights action.  In the event that he files a new civil rights action arising out of this incident, he should keep in mind that a state official cannot be held liable merely because someone he or she supervises violated the inmate's federally protected rights.  Rather, he must show how that officer personally violated the inmate's rights.  Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant.

The court will enter an order consistent with this memorandum opinion.

Date:

cc:    Plaintiff *pro se*
       Defendants
       4414.002