UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P99-M

**ROBERT A. FACEN**                                                                                    **PLAINTIFF**

v.

**ERNIE FLETCHER,** *et al.*                                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before this court following remand from the Sixth Circuit Court of Appeals (DN 14). The appellate court specifically directed this court to construe the plaintiff's notice of appeal as a motion for an extension of time to file his notice of appeal pursuant to Fed. R. Civ. P. 4(a)(5). For the reasons set forth below, the motion will be granted.

The plaintiff seeks permission to file a belated appeal because he had been transferred to another institution, is without the assistance of an inmate legal aid, and is confined in what appears to be protective segregation. Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits this court to grant an extension of time within which to file a notice of appeal if the following two conditions are met: (1) the motion is filed no later 30 days after the time period for filing an appeal has run; and (2) that the movant shows "excusable neglect or good cause."

The Sixth Circuit has held that "leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)) (internal quotation omitted). In defining the meaning of "excusable neglect" in the context of the Bankruptcy Code, the United States Supreme Court has held that fault on the part of the person seeking the extension does not necessarily defeat a claim of "excusable neglect." *Pioneer Inv. Serv. Co. v.*

*Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 388 (1993).  The Court went on to state that the usual meaning of the word "neglect . . . encompasses both simple, faultless omissions to act and omissions caused by carelessness."  *Id.*  Thus, the Court held, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Id.*

In determining whether the neglect was "excusable," the reviewing court must take into account "all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395.  Such circumstances would include "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*  This discussion of "excusable neglect" applies to Rule 4(a)(5) applications.  *Stutson v. United States*, 516 U.S. 193 (1996); *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996).

As for what constitutes "good cause" under Rule 4(a)(5), the advisory committee notes to the rule provide:

> The good cause standard applies in situations in which there is no fault--excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5), Advisory Committee Note.  A finding of either "good cause" or "excusable neglect," then, will be sufficient to warrant a grant of the movant's motion for extension of time.

Here, this court concludes that the plaintiff has established "excusable neglect" to justify the relief requested. First, there would be no prejudice to the defendants should the court grant the motion. This case was dismissed because the plaintiff failed to exhaust his administrative remedies prior to filing his action. Thus, the defendants were never served. Second, the delay was minimal and would have almost no impact on judicial proceedings. Third, the circumstances surrounding the delay warrant the extension. The plaintiff's civil rights action was based upon the defendants' purported failure to protect him from the sexual assault by another inmate. The plaintiff was transferred to another institution between the time this court entered its opinion and order dismissing his case and when he filed his untimely notice of appeal. Upon his transfer, he was placed in what appears to be protective segregation. This isolation deprived him of access to legal assistance. This court believes that his circumstances excuse his failure to file a timely notice of appeal, that he acted in good faith when seeking the extension, and that his motion for an extension of time should be granted.

For the reasons above, the plaintiff's motion for an extension of time to file a notice of appeal is hereby **GRANTED**. Because the plaintiff previously filed a notice of appeal, he need not file a second one.

Date:

cc:      Plaintiff *pro se*
         Clerk, Sixth Circuit (Case No. 05-6638)
         4414.002